UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMARPAL SINGH, A-220-747-094,<br>Petitioner,<br>v.<br>CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-9297 AC<br><br>RELEASE ORDER |

Petitioner, an immigration detainee proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the parties' consent, all proceedings and entry of final judgment are assigned to the magistrate judge. ECF No. 12. For the foregoing reasons, the petition for writ of habeas corpus is granted on the Fifth Amendment Due Process claim.

## I. Factual Background[1]

Petitioner, Amarpal Singh (A 220-747-094), a citizen and national of India entered the United States on or about January 23, 2022, and was apprehended by immigration officers. ECF No. 1 (Verified Petition) ¶¶ 7, 8. Petitioner was issued a Notice to Appear ("NTA") and released from custody on an Order of Release on Recognizance. Id. ¶¶ 8, 9. Following his release, he

[1] The factual allegations in the verified complaint are uncontroverted by any evidence. See ECF Nos. 6, 10. As such, the court relies on the facts therein.

filed an application for asylum and withholding of removal before the immigration court. Id. ¶ 10.

On July 25, 2023, petitioner's applications were denied and petitioner was ordered removed to India. Id. ¶ 11. Petitioner timely appealed the decision to the Board of Immigration Appeals ("BIA"). Id. ¶ 12. Because the appeal remains pending—even after more than three years—petitioner's order of removal is not administratively final. Id.

On September 20, 2024, United States Citizenship and Immigration Services ("USCIS") granted petitioner employment authorization based on the pending asylum application. Id. ¶ 13. Petitioner's employment authorization is valid until September 19, 2029. Id. With work authorization, petitioner obtained a commercial license and supported himself as a commercial truck driver. Id.

On October 29, 2026, Immigration and Customs Enforcement ("ICE") re-detained petitioner without any notice regarding the basis of the revocation of her earlier release, any assessment as to whether petitioner presented a flight risk or danger to the community, and any hearing before a neutral decisionmaker to justify his re-detention. Id. ¶¶ 14, 15. Petitioner has no criminal history and has complied with the conditions of his release. Id. ¶ 7.

Petitioner is currently detained at the California City Immigration Processing Center. Id. ¶ 16.

II. Procedural History

Petitioner, through counsel, filed a petition for writ of habeas corpus asserting his detention violates: (1) the Immigration and Nationality Act ("INA") and implementing regulations; (2) the Fifth Amendment Due Process Clause; (3) the Administrative Procedure Act ("APA"); (4) the Fifth Amendment Equal Protection Clause; and (5) the Suspension Clause of the United States Constitution. ECF No. 1 at 12-22. Before the court issued a briefing order, respondents filed a three-sentence response, which rested primarily on respondents' factual assertion that "Petitioner entered the United States without inspection and was not encountered by immigration officials before his very recent DUI arrest in November 2026." ECF No. 6. Petitioner replied arguing that the factual assertion was wrong and that Rodriguez Diaz v.

Garland, 53 F.4th 1189 (9th Cir. 2022) does not control the outcome and remedy in this case. ECF No. 7.

Because the timing of petitioner's detention and the evidence attached to the verified petition showed respondents' factual assertion was wrong, the court ordered a supplemental response, which shall

> substantively address whether there are any factual or legal issues that materially distinguish this case from the court's prior orders in Z.Z. v. Chestnut, No. 1:26-cv-2309 TLN JDP, 2026 WL 890476 (E.D. Cal. Apr. 1, 2026), Mohammad S. v. Andrews, No. 1:26-cv-0590 TLN CSK, 2026 WL 480095 (E.D. Cal. Feb. 20, 2026), M.A. G.V. v. Warden, California City Det. Facility, No. 1:26-cv-6356 TLN SCR, 2026 WL 2516864 (E.D. Cal. Aug. 26, 2026) and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable

and include

> (i) the detention authority identified by or relied upon by the detaining agency at the time of detention; (ii) all documentation and evidence verifying that basis for detention and reflecting the steps the detaining agency took to comply with the procedural requirements of that detention authority, including Petitioner's Form I-213 for each immigration encounter, any Form I-862 Notice to Appear, orders of release or detention, arrest warrants, custody determinations, notices, or decisions, and if respondent[s] dispute[s] any factual representations in the operative petition, any and all documents necessary to support their view of the facts; and (iii) all documentation, if any, reflecting whether and when Petitioner received notice of that basis for detention.

ECF No. 8. Respondents were warned that the court would construe (1) "failure to distinguish from the above cited cases as a concession that the cases are substantively indistinguishable," and (2) "failure to produce the requested documents as a concession that respondents' position is not supported, and/or that the facts in the petition are undisputed." Id. Petitioner was given seven days from the date of service of the supplemental response to file a reply, if any. Id.

Respondents have filed their supplemental reply. ECF No. 10. Although the time to file a reply has not lapsed, for the reasons discussed below, the court finds no reason to wait to issue its order.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of

the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

## IV. Discussion

In their supplemental response, respondents apologize for their mistake in their factual representation and state they do not dispute the procedural history set forth in the habeas petition. ECF No. 10 at 1-2. Respondents also maintain their position that petitioner's due process interest is satisfied by the statutory scheme under 8 U.S.C. § 1226(a), but concede this case is not materially distinguishable from the cases cited in the court's briefing order. Id. Respondents request to submit on the foregoing and do not attach any records to their original or supplemental response. See ECF Nos. 6, 10.

In Z.Z. and Mohammad S., the court found that petitioner's prior release—on recognizance or conditional parole—created a liberty interest in his continued freedom from detention and that such liberty interest could only be deprived under the Fifth Amendment Due Process Clause *after* notice and a hearing before a neutral decisionmaker. Z.Z., 2026 WL 890476, at *3-4 (release on recognizance); Mohammad S., 2026 WL 480095, at *3-5 (release on conditional parole). In M.A. G.V., the court found that when "'the Government ha[s] made a decision not to detain' a noncitizen after the filing of an application for immigration benefits, 'this decision vest[s] the same liberty interest as a prior detention and release.'" M.A. G.V., 2026 WL 2516864, at *2 (quoting Gagik T. v. Chestnut, No. 1:26-cv-4337 MWJS, 2026 WL 1837413

(E.D. Cal. June 25, 2026)). The court similarly found that, unless there was a valid reason why a pre-deprivation hearing could not be held—which respondents had not identified—due process required notice and a pre-deprivation hearing before an immigration judge. Id. at *3.

Considering the facts of this case and respondents' concession that it is not materially distinguishable, the undersigned adopts and incorporates by reference the reasoning in Z.Z., Mohammad S., and M.A. G.V. and finds that petitioner's re-detention without notice and a hearing before a neutral adjudicator to justify his re-detention violates due process. Here, petitioner was released on his recognizance like the noncitizens in Z.Z. and Mohammad S. Moreover, ICE also made a decision not to detain petitioner after he filed his application for immigration benefits, as was the case in M.A. G.V., and made *an additional* decision not to detain and to issue employment authorization *after* the immigration judge denied his applications for relief. Under these facts, petitioner has a clear liberty interest in his continued freedom, which should not have been deprived, absent urgent circumstances, without notice and a pre-deprivation hearing before a neutral adjudicator. Because these procedures were not afforded, the petition should be granted on this claim.

Because relief is appropriate on this claim, the court declines to address petitioner's other claims, as they seek the same or similar relief (*i.e.*, petitioner's immediate release and an injunction against re-detention without pre-deprivation procedures).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED on his Fifth Amendment Due Process claim (Count 2), as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner AMARPAL SINGH, A 220-747-094, with the same conditions he was subject to immediately prior to his detention on October 29, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating, by clear and convincing evidence, that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. In the interest of judicial economy, all other claims are dismissed without prejudice.

3. Within three days from the filing of this order, respondents must file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his October 29, 2026, detention.

4. The Clerk of the Court is directed to enter judgment for petitioner, serve a copy of this Order on California City Immigration Processing Center, and close this case.

DATED: November 23, 2023

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE